ON REHEARING
PER CURIAM.
This is an appeal by the State of Florida from an order granting a motion to suppress marijuana found in the garage of a home at which the defendant, Donovan Richard Peters, was a guest. The home was occupied and leased by defendants, Mr. and Mrs. Loomis, and Mr. Peters was, at most, a social invitee on the premises. He had apparently been invited to the premises by Mr. Loomis, whom he did not know, when he met him at the beach. The defendant, Peters, was in the back yard in the midst of four to five-foot high marijuana plants which were easily observable from public view. He was arrested and charged with possession of the growing plants and with possession of other marijuana found in the garage. The police did not secure a warrant before entering the yard or garage. The police did contact the State Attorney’s Office regarding a warrant but were advised that one was not necessary.
We conclude that under Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), defendant, Peters, lacked standing to challenge the seizure of the contraband, and the order of the trial court suppressing the evidence is vacated and set aside as it relates to Peters.
The State’s attack on the suppression order as it relates to defendants, Loom-is, is without merit. The State conceded *483 the standing of these parties before the trial court. The recent case of State v. Rickard (Fla.1982), Case No. 54,877, issued April 29, 1982, is controlling and required suppression of the marijuana seized from the garage of the Loomis home without a warrant under the circumstances wherein a warrant could obviously have been secured. We make no ruling on the portion of the trial court’s order which partially denied the motion to suppress as to all defendants. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
DOWNEY, BERANEK and WAT,DEN, JJ., concur.